# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CRISTIAN RAMIREZ,**

    Petitioner,

vs.                                              Case No. 4:13cv255-WS/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, has submitted a pleading entitled "petition for a writ of error coram nobis." Doc. 1. Petitioner did not pay the filing fee at the time of case initiation, nor did Petitioner file a motion seeking leave to proceed in forma pauperis. It is also noteworthy that Petitioner may not have truly intended for this case to be brought in this Court because at the top of the petition, Petitioner indicated this case was to be filed in "the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida." Doc. 1 at 1. Indeed, pursuant to that heading, it is not entirely clear whether Petitioner even intended to file this case in federal court or in state court.

Nevertheless, assuming Petitioner intended for this case to proceed in federal court, Petitioner states that he is currently detained by the Department of Homeland Security, Immigration and Customs Enforcement, and he is located at the Krome Service Processing Center in Miami, Florida. Doc. 1 at 16. Because Petitioner is located in Miami and not within the territorial jurisdiction of the Northern District of Florida, this case could be transferred to the Southern District of Florida. As will be explained in greater detail below, there is no reason to transfer this petition.

Generally, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, Petitioner named the State of Florida as Respondent because Petitioner seeks to vacate a state court conviction on the basis that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea to charges in 2004. Doc. 1. Accordingly, Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. However, the Supreme Court has just recently held in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

"defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013).

In light of Chaidez, Petitioner cannot seek coram nobis relief because the rule of Padilla v. Kentucky does not retroactively apply. Petitioner alleged in the petition that his guilty plea was entered in 2004. Doc. 1 at 1. Accordingly, Petitioner is not entitled to relief and there is no reason to transfer a case to the Southern District which lacks merit.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this petition for writ of error coram nobis premised upon a 2004 conviction and guilty plea be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2013.

    S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**